**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashish David, | No. CV-08-777-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Douglas L. Hoelscher, et al., | |
| Defendant. | |

Currently pending before the Court is Defendants Maricopa County, the Honorable Cathy M. Holt, the Honorable Jefferson L. Lankford, Ann A. Scott Timmer, the Honorable G. Murray Snow ("Arizona State Defendants") Motion to Dismiss, (Dkt.#45), Defendants, Douglas Hoelscher, the Department of Homeland Security, Attorney General Michael B. Mukasey, the President of the United States; the United States Congress, and the United States of America ("Federal Defendants") Motion to Dismiss, (Dkt.#58), and Plaintiff Ashish David's Motion to Combine Complaint and Amended Complaint, (Dkt.#59). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

Plaintiff, Mr. Ashish David, alleges that he was twice convicted of the same crime by Arizona state courts. (Plaintiff's Amended Complaint, ¶¶ 5-7 [Docket No. 25] hereinafter Amended Complaint.) Plaintiff was convicted in 1998 for assault, threatening and intimidating and in 1999 for disorderly conduct. Exhibit 1 - IJ Order; Exhibit 2 - BIA Order.

Following the 1999 conviction, he was sentenced to imprisonment for a term of eighteen months. Amended Complaint ¶¶ 5-7. While plaintiff was incarcerated, the state court granted post conviction relief vacating his 1999 conviction on double jeopardy grounds, but left intact his 1998 conviction. Plaintiff was released from custody in May of 2001. (Id. at ¶¶ 10-11.) After serving eleven months in a state prison, the Immigration and Naturalization Service took petitioner into custody removal proceedings. (Id. at ¶¶ 8-9, 11.) On October 18, 2006, the Immigration Judge (IJ) in Phoenix terminated proceedings against plaintiff and the government appealed. On May 12, 2008, the Board of Immigration Appeals (BIA) terminated the government's appeal. Exhibit 1-IJ Order; Exhibit 2 - BIA Order.

In 2003, plaintiff filed a suit against John Ashcroft, the Attorney General of the United States. Exhibit 3 - Complaint, David v. Ashcroft, CIV-03-0263-PHX-EHC. The 2003 Complaint alleged a conspiracy to violate plaintiff's civil rights and sought a writ of mandamus requiring Mr. Ashcroft to provide additional venues for victims of police misconduct to obtain relief and education programs to inform citizens about such misconduct. (Id.) The Court ordered plaintiff to amend his Complaint because it failed to state a claim on which relief could be granted. Exhibit 4 - Court Order October 29, 2003 at p. 3. When he failed to do so the case was dismissed. 3 Exhibit 5 - Judgment dated December 9, 2003 at p. 5.

In the instant case, Plaintiff asserts various allegations against the Arizona and federal Defendants under the United States Constitution, various federal statutes, and theories of tort These allegations appear to include violation of his civil rights, conspiracy to violate his civil rights, alteration of court records, wrongful conviction, false arrest, bribery and rape. Plaintiff's Amended Complaint, however, does not make clear which defendants committed these alleged acts, and instead states only that all defendants were responsible for the claims under 42 U.S.C. §§ 1983, 1985.

**I. The Doctrine of Res Judicata Bars Plaintiff's Claims Against the Federal Defendants.**

The doctrine of res judicata, which subsumes the principles of claim and issue preclusion, concerns the effect of prior judgments on parties in later litigation. The purpose

of res judicata is to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate." Montana v. United States, 440 U.S. 147, 153 (1979). It protects the parties from "the expense and vexation attending multiple law suits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. at 153–54.

Claim preclusion applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. Stewart v. U.S. Bankcorp, 297 F.3d 953, 956 (9th Cir. 2002). Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action. Robi v. Five Platters, Inc., 838 F.2d 318, 321(9th Cir. 1988). The doctrine prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Id. at 322.

Four factors are traditionally considered when determining whether successive lawsuits involve the same cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented by the two actions; (3) whether the two actions involve infringement of the same right; and (4) whether the two actions arise out of the same transactional nucleus of facts. See Littlejohn v. United States, 321 F.3d 919 (9th Cir. 2003).

The doctrine of res judicata bars Plaintiff's claims against all of the Federal Defendants. This action shares an identity of claims with the action plaintiff filed against Attorney General John Ashcroft in 2003. Both claims arise out of the same nucleus of fact. Those facts include Plaintiff's conviction, subsequent incarceration and the removal proceedings initiated against him. Both suits concern infringement of plaintiff's civil rights while in federal custody. The previous action was dismissed for failure to state a claim, which is a judgment on the merits. See Stewart, 297 F.3d at 957. Finally, privity exists between the federal defendants and Mr. Ashcroft. See Sunshine Anthracite Coal Co. v.

1 Adkins, 310 U.S. 381, 502-03 (1940) ("a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government"). As such, Plaintiff's claims against all Federal Defendants fails.

**II.    The Doctrine of Absolute Immunity Bars Plaintiff's Claims Against Defendants the Honorable Cathy M. Holt, the Honorable Jefferson L. Lankford, Ann A. Scott Timmer, the Honorable G. Murray Snow.**

It is well-settled that judges acting in a judicial capacity are immune from suit. Stemp v. Sparkman, 435 U.S. 349 (1978); see Forrester v. White, 484 U.S. 219 (1988). The only exceptions are when a judge's acts are not taken in the judge's judicial capacity or were taken in a clear absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9 (1991). Judicial immunity is not overcome by allegations that the act is illegal, unauthorized, motivated by bad faith or malice. Here, the judicial acts Plaintiff complains of arose from acts taken within judicial capacity. As such, these specific Arizona State Defendants are immune from suit and all of Plaintiff's claims against them must be dismissed.

**III.    The Doctrine of 11th Amendment Sovereign Immunity bars Plaintiff's Claims Against the State of Arizona.**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

The Supreme Court has interpreted the Eleventh Amendment to prohibit suits against a state by citizens of that state. Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). As such, "[t]he Eleventh Amendment grants to states a sovereign immunity from suit." Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000). In the absence of consent by the state, an action may only be brought against the state if Congress has expressly abrogated the states' sovereign immunity. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98 (1984).

In this case, with respect to Plaintiff's claims under 42 U.S.C. §§ 1983, 1985 and 1988 it is clear that the State of Arizona has not waived its sovereign immunity and that Plaintiff's

claims against it are barred by the 11th Amendment. See e.g, Freeman v. Michigan Dept. of State, 808 F.2d 1174, 1179 (6th Cir. 1987) (holding that action against the state pursuant to § 1981 are barred by Eleventh Amendment sovereign immunity); Quern v. Jordan, 440 U.S. 332, 341-42, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979) (Eleventh Amendment has not been abrogated with respect to § 1983 claims); Caldeira v County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) ("The absence of a section 1983 deprivation of rights precludes a section 1985 claim predicated on the same allegations."). Accordingly, Plaintiff's claims against the State of Arizona must be dismissed.

**III. Municipal liability under Monell does not attach to Plaintiff's Claims Against the Maricopa County.**

Under Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 691-94 (1978), municipal liability attaches where a plaintiff's alleged constitutional deprivation was the product of a policy or custom of the local government. See Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008). "For purposes of liability under Monell, a policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Id. (quoting Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam) (internal quotations omitted)). Whether a state official is a final policy maker for purposes of municipal liability is a question of state law that is to be determined by the district court. See Streit v. County of Los Angeles, 236 F.3d 552, 560 (9th Cir. 2001). When determining whether an individual has final policymaking authority, courts ask whether the individual at issue has authority "in a particular area, or on a particular issue." McMillian v. Monroe County, 520 U.S. 781, 785 (1997).

In the absence of an express local policy, a plaintiff may demonstrate that there is a well settled custom or practice by the municipality which produced the alleged constitutional violation. See Navarro v. Block, 72 F.3d 712, 714-15 (9th Cir. 1996). Allegations of random acts are generally insufficient to establish a local custom. Id. at 714. If a plaintiff can

1 sufficiently prove the existence of a local custom, they need not also show that final policy
2 makers were aware of or sanctioned the custom in question. Id. at 714-15.

3 Here, there are no facts contained within Plaintiff's Amended Complaint that would
4 support a finding of municipal liability under Monell. As such, Plaintiff's claims against
5 Maricopa County must be similarly dismissed.

6 **Accordingly,**

7 **IT IS HEREBY ORDERED** granting Defendants Maricopa County, the Honorable
8 Cathy M. Holt, the Honorable Jefferson L. Lankford, Ann A. Scott Timmer, the Honorable
9 G. Murray Snow ("Arizona State Defendants") Motion to Dismiss, (Dkt.#45).

10 **IT IS FURTHER ORDERED** granting Defendants, Douglas Hoelscher, the
11 Department of Homeland Security, Attorney General Michael B. Mukasey, the President of
12 the United States; the United States Congress, and the United States of America ("Federal
13 Defendants") Motion to Dismiss, (Dkt.#58).

14 **IT IS FURTHER ORDERED** denying Plaintiff Ashish David's Motion to Combine
15 Complaint and Amended Complaint, (Dkt.#59).

16 **IT IS FURTHER ORDERED** dismissing Plaintiff Ashish David's Amended
17 Complaint with prejudice and directing the Clerk to enter judgment accordingly.

18 DATED this 4th day of February, 2010.

_____
Mary H. Murgia
United States District Judge